In the Matter of the WELFARE OF S.H., on behalf of herself and all others similarly situated, Petitioner, Appellant,

v.

ADMINISTRATOR OF GOLDEN VALLEY HEALTH CENTER, Respondent.

No. C8–86–227.

Court of Appeals of Minnesota.

May 13, 1986.

Thomas Bennett Wilson, Gayle Gaumer, Edina, for appellant.

John R. Beattie, Jonathan G. Lande, Larkin, Hoffman, Daly & Lindgren, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ.

## OPINION

LANSING, Judge.

S.H. appeals the trial court's denial of her petition for a writ of habeas corpus. She alleged that she was being restrained for involuntary psychiatric treatment in violation of Minnesota law, under the alleged authority of an order from an Ohio juvenile court. We dismiss the appeal as moot because S.H. has been discharged from the Golden Valley Health Center.

## FACTS

S.H. became involved with the Ohio juvenile courts in 1980, when she was 11 years old. According to her juvenile court file she has admitted to an assault, an incident of shoplifting, and various misdemeanor drug offenses. She has run away from home and from out-of-home placements a number of times. In September 1985 she was placed on intensive probation, the terms of which required her to report to her probation counselor five times per week and to attend A.A. meetings three times per week. In October 1985 she admitted to violating probation by missing some appointments and using marijuana.

After a placement hearing in December 1985 the juvenile court ordered her placed and consented to her treatment at the Golden Valley Health Center, a private psychiatric hospital in Golden Valley, Minnesota. On December 13, 1985, a juvenile court transportation officer brought S.H. to the Columbus airport, where she was met by an employee of the Golden Valley Health Center who flew with her to Minnesota. The juvenile court's placement orders did not state how long S.H. was to be held at the Golden Valley Health Center.[1]

On January 23, 1986, S.H. submitted a habeas corpus petition on behalf of herself and other similarly situated juveniles to the Hennepin County juvenile court. She alleged that the Golden Valley Health Center lacked the authority to restrain her and other juveniles brought there from other states because: (1) the Ohio order does not provide authority for restraining her in Minnesota; (2) the procedures by which she was placed there violated the Interstate Compact on Juveniles, *see* Minn.Stat. § 260.51 (1984); and (3) under the Minnesota Commitment Act, *see id.* chapter 253B, no person over the age of 16 may be

---

1. Ohio law appears to permit the placement of a child in

   any institution or agency in this state or another state authorized and qualified to provide the care, treatment, or placement that the child requires.

   Ohio Rev.Stat. § 2151.353(a)(3) (1985).

committed for involuntary psychiatric care unless a judge finds the person mentally ill by clear and convincing evidence.[2] The habeas corpus petition was submitted to the court without giving notice to Golden Valley Health Center.

The trial court denied the writ on January 27, 1986, stating that the Interstate Compact on Juveniles does not apply to this situation and that, even if it does, the court was bound to honor the Ohio order under principles of full faith and credit. S.H. appealed the trial court's denial of the writ of habeas corpus. On February 14, 1986, counsel for Golden Valley Health Center sent a certified copy of the Ohio judgment to the clerk of Hennepin County District Court for filing pursuant to the Uniform Enforcement of Foreign Judgments Act, Minn.Stat. §§ 548.26–.33 (1984). After oral argument, this court was notified by the attorney for Golden Valley Health Center that S.H. had been discharged. She returned to Ohio on March 3, 1986.

## ISSUE

Are the issues presented on appeal moot because S.H. has been released from respondent's facility?

## ANALYSIS

■ The Uniform Enforcement of Foreign Judgments Act permits enforcement in Minnesota of any foreign judgment entitled to full faith and credit in this state. See Minn.Stat. § 548.26. The full faith and credit clause, U.S. Const. art. 4, § 1, however, does not require a state to enforce the penal judgment of another state. *Nelson v. George*, 399 U.S. 224, 229, 90 S.Ct. 1963, 1966, 26 L.Ed.2d 578 (1970). A penal judgment has been broadly defined as one whose purpose is to punish an offense against "public justice," as opposed to one affording a private remedy to a person injured by a wrongful act. *See Hunting-*

*ton v. Attrill*, 146 U.S. 657, 674–75, 13 S.Ct. 224, 230, 36 L.Ed. 1123 (1892). S.H. was placed at the Golden Valley Health Center because she admitted to acts that would have been crimes had she been an adult.

■ This case raises the important issue whether the trial court may enforce a foreign state's penal judgment requiring involuntary treatment of a juvenile delinquent in a private psychiatric hospital and, if so, the extent to which the foreign judgment is subject to Minnesota law. This issue is not one that S.H. could have raised on direct appeal of the juvenile court's decision, and the legality of her detention is properly raised in a petition for a writ of habeas corpus. The Golden Valley Health Center urges this court to decide the merits even though S.H. returned to Ohio. S.H.'s attorney did not contact this court after her release. For a number of reasons, we do not believe it appropriate to decide the merits.

■ First, we are uncertain whether S.H. has the desire or ability to continue this litigation, either on behalf of herself or the class she attempted to represent. "The imperatives of a dispute capable of judicial resolution are sharply presented issues in a concrete factual setting and self-interested parties vigorously advocating opposing positions." *United States Parole Commission v. Geraghty*, 445 U.S. 388, 403, 100 S.Ct. 1202, 1212, 63 L.Ed.2d 479 (1980). S.H. has not indicated to this court that she can ensure vigorous advocacy despite the absence of a personal stake. *Id.* at 398, 100 S.Ct. at 1209. Second, mootness cannot be avoided here on the basis that a class action was certified before her personal claim expired. *See id.* Therefore, we conclude the issue in this case is moot and dismiss the appeal.

---

2. S.H. also alleged that Golden Valley Health Center has promoted its Adolescent Crisis Unit to juvenile courts throughout the United States and that, in treating juveniles for "mental illness," Golden Valley Health Center imposes rules which are "so vague, unreasonable and subjective as to result in punishment * * * at the whim of any staff member who chooses to interpret * * * statements, conduct, or facial expressions in a negative manner."

## DECISION

We dismiss the appeal as presenting a moot issue. Dismissed.